# CHARLESTON

RUCKMAN *v.* COX *et al.*

Submitted June 15, 1907.    Decided November 26, 1907.

1. TRUSTS—*Express Trusts—Evidence.*

Where, at the sale of land under judicial decree to satisfy claims of judgment creditors, a third person agrees with the owner, in consideration of one hundred dollars and repayment to him by the latter of the purchase money, to bid in the land and convey it to the wife of the owner, such third person is thereby constituted trustee of an express trust in favor of the beneficiary so designated in said agreement. (p. 76.)

2. APPEAL—*Review—Findings of Fact.*

In equity the finding of any fact by the circuit court will not be disturbed upon an appeal, unless contrary to the plain preponderance of the evidence. (p. 76.)

3. TRUSTS—*Express Trusts—Laches.*

Neither the statute of limitations nor *laches* applies to express trusts, until and from the time the trustee repudiates the trusts by unequivocal word or acts, and such repudiation is so brought to the notice of the beneficiary as to call upon him to promptly assert his equitable rights. (p. 76.)

Appeal from Circuit Court, Marshall County.

Action by Dorothy Ruckman against Friend Cox and others.    Judgment for plaintiff.    Defendants appeal.

*Affirmed.*

SIMPSON & SHOWACRE and CALDWELL & CALDWELL, for appellants.

ROBERT WHITE and RILEY & RITZ, for appellee.

MILLER, PRESIDENT:

George W. Ruckman owned two tracts of land in Harrison county, containing in the aggregate 152 1-2 acres, which were sold June 10, 1899, under decree in a suit by his creditors, and purchased by R. D. Leggett at $2205.00. Either shortly prior or subsequently to the sale, the defendant Friend Cox became interested in the purchase. The original and amended bill alleged substantially that, on the day of sale, before the land was knocked down to the purchaser, George W. Ruckman, representing his wife, Dor-

othy Ruckman, entered into an oral contract with R. D. Leggett by which the latter, in consideration of $100.00, agreed to bid in the land and convey it to the said Dorothy for the purchase money paid by him; that, about the time of this agreement, the land was being cried at $2200.00, and, Ruckman being asked by Leggett what he should bid, Ruckman requested him to add $5.00, which he did, whereupon said land was knocked down to him at the price of $2205.00; that subsequently Leggett went to the home of the plaintiffs, and represented to them that there was likely to be some trouble about the confirmation of the sale and that one Rosser was proposing to make an upset bid, and prevailed upon them to have said George W. Ruckman go to the court house on the day the subject of confirmation was to be presented to the court and assist him therein, which Ruckman did, with assurances from Leggett and Cox, and it was communicated to the judge of the court that Leggett and Cox would carry out the agreement to convey the property to Dorothy Ruckman, whereupon the sale was confirmed.

This suit was brought to and the bill filed at November rules, 1902, against Cox and the executors and devisees of Leggett, to enforce said agreement. The separate answers of the executors and of Cox denied the agreement alleged; and that of Cox denied any knowledge of such contract, and alleges that he was an innocent purchaser without notice. There was no formal appearance or plea to the amended bill, filed at April rules, 1905. Upon the pleadings and proofs the circuit court, by final decree of June 18, 1906, found and decreed it to have been clearly proven that R. D. Leggett made an agreement with Dorothy Ruckman, before his purchase, whereby he was to purchase the property for her, and receive for his services the sum of $100.-00 and be reimbursed the purchase money; that Cox knew of this agreement; that the purchase by Leggett and Cox at said sale was made subject to said agreement; that Dorothy Ruckman had complied with the agreement and that Leggett and Cox had refused to comply therewith; that Cox and C. D. and R. J. Leggett, executors and devisees of R. D. Leggett, held the legal title to said property in trust for Dorothy Ruckman; and that, upon her payment to them

·of the purchase price and $100.00, she was entitled to a conveyance of the legal title.

The contract alleged and established by proof, made Leggett and Cox trustees of an express trust, growing out of the ageeement and the trust and confidence reposed in Leggett by Dorothy Ruckman. The rules and principles controlling such cases have been frequently declared in the decisions of this Court; and it would serve no good purpose to do more now than to refer to them. See *Nease* v. *Capehart,* 8 W. Va. 95; *Sellers* v. *Mohn,* 37 W. Va. 507; *Currence* v. *Ward,* 43 W. Va. 370; *Hamilton* v. *McKinney,* 52 W. Va. 317; *Hatfield* v. *Allison,* 57 W. Va. 374.

But it is argued that the contract has not been as distinctly alleged, nor as clearly proven by competent evidence, as required. The findings of the circuit court were based on the testimony, unaffected by the incompetent evidence excluded. The contract we think is sufficiently alleged. We have examined the evidence with great care, and are unable to say, as a prerequisite to reversal, that the findings of the lower court are not supported by the testimony. In *Weaver* v. *Akin,* 48 W. Va. 546, it is said: "The rules established by the repeated decisions of this Court, both as to law and equity, is that the finding of any fact by the circuit court will not be disturbed unless it is contrary to the plain preponderance of the evidence;" and the cases referred to are there fully cited.

The question of *laches* is presented, though it does not seem to have been presented to the court below by plea or otherwise. When applicable, this defense may be made by demurrer or plea where the facts sufficiently appear upon the face of the bill. *Philips* v. *Piney Coal Co.,* 53 W. Va. 543. In proper cases it seems it may be made without foundation laid in plea or demurrer. 5 Pom. Eq., section 36; *Sullivan* v. *Railroad Co.,* 94 U. S. 806. But this defense is inapplicable in cases· of express trust, until and from the time the trustee repudiates the trust in unequivocal words, and such repudiation is brought·to the notice of the beneficiary in such manner as to call upon him to assert his equitable rights. *Philippi* v. *Philippi,* 115 U. S. 151; *Speidel* v. *Henrici,* 120 U. S. 227; *Wood* v. *Carpenter,* 101 U. S. 135; *Curtis* v. *Lakin,* 94 Fed. Rep. 251; *New-*

*man* v. *Newman*, 60 W. Va. 371, 377; *Gapen* v. *Gapen*, 41 W. Va. 422.

In recognition of the law of these cases, certain pertinent facts are presented for our consideration as bringing the appellants within their protection. First, it is said that, conceding the agreement made as alleged, Leggett shortly after the sale was confirmed, when Ruckman tendered to him in the presence of Cox a check for the cash payment on the land plus $100.00 for his services, refused to accept the money; second, that in August, 1899, Leggett and Cox dispossessed the plaintiffs by a writ of possession awarded; third, that subsequently in 1900 Leggett, as shown by the evidence, stated to the attorney employed by Ruckman to procure execution of the trust that he did not recognize any agreement whereby he was to convey to Ruckman the property for what he had in it plus $100,00; fourth, that the plaintiffs stood by and saw the defendants improve the property by the erection of a small dwelling house for tenants, in place of the one destroyed by fire. It is claimed that these acts amounted to a repudiation of the trust, if any, and the assertion of title to the trust estate, with notice to the plaintiffs, and that the plaintiffs, having failed to assert their rights in some legal or equitable proceeding within a reasonable time thereafter, are now barred by *laches*.

Refusal to accept the money tendered and the notice to plaintiffs' attorney are not without force; but these acts were not of that unequivocal character required in such cases. At the time Leggett refused to receive the plaintiffs' money he gave them until five o'clock of that day to close the matter up. In the meantime he and Cox took a deed from the commissioner, and then demand was made upon the plaintiffs by Leggett that they pay them the whole of the purchase money and the $100.00 compensation at once. The original agreement was frequently thereafter acknowledged by Leggett to other persons; and to the plaintiffs' attorney Leggett admitted some prior arrangement or agreement with the plaintiffs in regard to conveying them the land. What he said to the attorney at the time he first saw him was, not that he did not have an agreement, but that he did not recognize any agreement between him and Ruckman; and in

his conversation with the attorney Leggett referred to the fact that on the day the money was tendered to him he wanted the plaintiffs to pay him all the money. Dispossession of the plaintiffs is a stronger circumstance; but it was a forceful one, not voluntary abandonment, and was not wholly inconsistent with the rights of the plaintiffs. The land stood as security to Leggett for the repayment of his money; possession strengthened that security. The decree of the circuit court made him agent and trustee of Mrs. Ruckman. Possession by the trustee is presumed to be possession by the *cestui que trust. Speidel* v. *Henrici, supra.* The erection of a tenement house was made a necessary expenditure to preserve the trust estate, and entitled the trustee to reimbursement out of the rents and profits of the land.

Are the plaintiffs, then, barred by lapse of time? The statute of limitations would bar them in ten years after the rights accrued; but courts of equity are not bound by the rules of law in this respect, except that in analogous cases and cases of concurrent jurisdiction they feel bound as a general rule to enforce the statute. *Godden* v. *Kimmell,* 99 U. S. 212; *York's Appeal,* 110 Pa. St. 3. They act upon their own inherent doctrine of discouraging antiquated demands, and will refuse to interfere where there has been gross *laches* in proscuting a claim. *Badger* v. *Badger,* 2 Wall. 87; *Sullivan* v. *Railroad Co.,* supra; *Insurance Co.* v. *Austin,* 168 U. S. 585, 596; *Whittaker* v. *Improvement Co.,* 34 W. Va. 217; *Philips* v. *Piney Coal Co., supra.*

There is no fixed rule applicable to every case. ·'Every case is governed chiefly by its own circumstances; sometimes the analogy of the statute of limitations is applied; sometimes a longer period than that prescribed by the statute is required; in some cases a shorter time is sufficient; and sometimes the rule is applied where there is no statutable bar. It is competent for the court to apply the inherent principles of its own system of jurisprudence, and to decide accordingly." *Sullivan* v. *Railroad Co., supra.* Many cases cited and that might be cited show the varying circumstances under which these rules are applied. In the case of *Curtis* v. *Lakin,* 94 Fed. Rep. 251, 255, it is broadly stated that,

in cases of express trust where the trustee repudiates the trust, and asserts title in himself, the reasons requiring the exercise of diligence are the same as where the object is to fasten upon another a constructive trust, or to rescind a contract upon the ground of fraud or mistake. We do not understand this to be the true doctrine. In the case of fraud or constructive trust, all the cases hold prompt action necessary, else waiver or relinquishment will be imputed. But in cases of express trust relief will not be denied within a less period than the statute of limitations after repudiation, unless some superior equitable circumstances or rights of third parties have intervened; and if the defendant would defeat recovery within a less period he must put in issue by proper plea the facts upon which the defense is predicated, unless those facts sufficiently appear in the bill. 5 Pom. Eq., section 20 and notes. "*Laches*, in legal significance, is not delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has, in good faith, become so changed that he can not be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes; but when a court sees negligence on one side and injury therefrom on the other it is ground for denial of relief." 5 Pom. Eq., section 21, and cases cited.

We do not think the facts proven in this case show any unreasonable delay on the part of the plaintiffs. The defendants are not shown to have repudiated the trust by such unequivocal acts as to call upon the plaintiffs for prompter action. It fully appeared that almost continuously since the purchase of the land by Leggett they had been making demands upon him, and had placed the matter in the hands of an attorney, who had been negotiating with Leggett down to within a short time before his death. Nor has any such change of circumstances or conditions or value of the property intervened as would under these authorities

deny the plaintiffs the relief they seek. To deny them that relief would work great hardship and injustice, and relieve the defendants of the trust which they voluntarily assumed. Perceiving no material error therein, we affirm the decree of the circuit court.

*Affirmed.*