J. A. ATKINSON and JOSA L. ATKINSON *v.* J. B. JONES, *Trustee, et al.*

(No. 6931)

Submitted April 28, 1931. Decided May 12, 1931.

*Coleman, Thompson & Woodroe* and *Thomas Coleman,* for appellant.

*D. L. Salisbury, S. D. Lopinsky* and *F. H. Harless,* for appellees.

LIVELY, JUDGE:

J. B. Jones, trustee, complains of a judgment of the circuit court of Kanawha County, affirming a money decree of $3,975, rendered against him in the common pleas court.

George E. Thomas and O. F. Payne, joint owners of a parcel of land, fronting 61 feet on Pine Street in the City of Charleston, sold it to J. A. Atkinson and wife, reserving a vendor's lien for the unpaid purchase money. The purchasers subdivided the parcel and constructed a house on the northern 27 feet. Thereafter, they executed three deeds of trust to secure loans made to them by Empire Savings & Loan Com-

pany, in which company Thomas and Payne were stockholders, in each of which deeds J. B. Jones, attorney and stockholder in the Loan Company, was named trustee and under which the property was advertised for sale on January 25, 1925. U. B. Atkinson and T. S. Young were at the sale to bid in the property for J. A. Atkinson and wife. George E. Thomas, present to protect his and Payne's interest under their vendor's lien, which, by their consent, was made second in priority to the liens created under the three trust deeds, and a trust deed covering the 61 feet, bid about $9,500 (plaintiff's bill states $9,975), and the property was struck off to him by Jones, trustee, as the highest bidder. Immediately thereafter, U. B. Atkinson and Young left the sale; and Henry Cohen, who had witnessed the sale and who had the same morning appraised the 27 feet for another loan company to which Atkinson had applied for a loan with which to buy in the property, advised Thomas that he must have made a mistake in bidding $9,500, since only 27 feet were being sold. Thomas, a reputable business man and seasoned in real estate dealings, within about two minutes after the sale, advised Jones, the trustee, that he would not take the property at the price bid, since he was under the impression that the entire 61 feet frontage had been offered. Thomas admits that he did not read the legal notice of the sale and does not deny that the trustee read aloud the description of the property but says that he did not hear it, and explains that his hearing is so bad as to occasion the use of an earphone which he did not have with him that morning. When advised by Thomas of the mistake, Jones, trustee, who had not had time to prepare a written memorandum of the sale, openly announced that he would re-advertise the property for sale and so advised Atkinson, who did not appear in person or by proxy at the second sale when the property was again sold to George E. Thomas for $6,000. Atkinsons then instituted suit, naming Jones, trustee, Payne, Thomas, and the Loan Company as defendants, and in the original and supplemental bills, in one of which fraud is alleged, pray for specific performance of the first sale, or for judgment for the difference in values brought at the first and second sales, and for an accounting with the

Empire Savings & Loan Company. The suit was dismissed as to all defendants except Jones, trustee, against whom the court ordered a money decree of $3,975.

There is nothing in the record to indicate the basis for the lower court's conclusion that Jones, trustee, alone was liable. There is no contention that there was actionable fraud. The contention of plaintiffs for upholding the decree below is well stated in counsels' brief, as follows:

> "The defendant, being an attorney for the Empire Savings & Loan Company; a stockholder in the Empire Savings & Loan Company; an attorney for himself as Trustee, and for George E. Thomas and O. F. Payne, all in view of the fact that he was an agent and acted in the fiduciary capacity for both the cestui que and the beneficiaries of the trust; i e: the Empire Savings & Loan Company; and, because the position of the Trustee was used to take advantage of the plaintiffs herein for the benefit of the Empire Savings & Loan Company, O. F. Payne and George E. Thomas and J. B. Jones, the court properly found that the defendant, J. B. Jones, was guilty of a fraud, if not actual, certainly a fraud often referred to as a constructive fraud or a fraud in law."

Is this an instance for the application of the rule of constructive fraud? Does the evidence support the finding that Jones, trustee, is guilty of a fraud in law? Constructive fraud has been defined "as an act which the law declares fraudulent without inquiry into its motive" (Story, Eq. Juris., 14th Ed., sec. 370), and as "simply a term applied to a great variety of transactions, having little resemblance in form or in nature, which equity regards as wrongful." Pomeroy's Eq. Juris., sec. 922; see also Page, on the Law of Contracts, sec. 405; *Moore* v. *Gregory*, 146 Va. 546. Some courts condemn the term "legal fraud" or "constructive fraud" as being too vague or as having no more meaning than legal hot or legal cold. 26 C. J. p. 1062. While fraud is never presumed, it may be inferred from facts and circumstances calculated to establish it; and where one occupies a fiduciary position and engages in a transaction which proves prejudicial to the

person creating the trust relation, such transaction has been said to be presumptively fraudulent, and it is for the alleged feasor to show affirmatively that such a transaction is fair. *Dawson* v. *Insurance Co.*, 176 Ia. 362; *Hulings* v. *Lumber Co.*, 36 W. Va. 351. In the instant case, it was the trustee's de-. cision to re-advertise the property for sale that plaintiffs complain of as prejudicil. Without a memorandum in writing, the first sale was void (*Ralphsnyder* v. *Shaw*, 45 W. Va. 680, 2d Pt. Syl.), and presumably the lower court so concluded, having dismissed Thomas and Payne from the suit. In what manner then has Jones, trustee, taken advantage of plaintiffs? They say that the trustee gave Thomas a second opportunity to bid when the plaintiffs had no money with which to buy the property at the second sale. The answer is, that, even assuming that plaintiffs might have been responsible purchasers, if successful bidders at the first sale, a fact which is doubtful under the evidence, there is nothing in the record which charges the trustee with knowledge or a fair presumption that plaintiffs would not be in a position to bid at the second sale. While Thomas was careless in not making certain of the property being sold, the condition of his hearing, the testimony of Cohen, and the celerity with which Thomas acted in advising the trustee of his mistake lead to a reasonable conclusion that there was no mental assent on Thomas' part and the trustee therefore acted wisely in re-advertising the property for sale. Although Jones' acting as attorney for his business associates in a portion of this proceeding, to which he was a party and wherein his conduct as trustee was challenged, may not be consonant with the high standards of ethics provided for by the profession, the evidence exonerates him from a charge of fraud, either actual or constructive.

With this view of the cause, the Court does not deem it necessary to discuss the errors alleged in the pleadings which, in fact, do not seem meritorious.

We reverse the judgment of the circuit court and the decree of the common pleas court, dismiss plaintiffs' bills and enter judgment here for defendant Jones, trustee, with costs against plaintiffs.

*Reversed and entered.*