ANNA M. HALL GIESELER *v.* CLARA L. REMKE, *Executrix*

(CC 554)

Submitted April 21, 1936. Decided May 13, 1936.

*McKee and McKee,* for plaintiff.

*Wm. J. Gompers,* for defendant.

WOODS, JUDGE:

This is a suit by a widow against the personal representative of her late husband's estate, for purpose of having a certain antenuptial agreement, by the terms of which she had agreed to relinquish and release all dower

rights in any property then owned by the other contracting party, set aside as having been obtained through fraud; and for the further purpose of recovering a reasonable sum for maintenance and support covering the period of alleged desertion on the part of the other spouse. A demurrer to the amended bill was sustained, and the sufficiency of the pleading certified to this Court for decision.

It appears from the allegations of the amended bill, and exhibits filed therewith, that plaintiff and August Gieseler, on January 24, 1925, entered into an agreement in contemplation of "marriage, shortly to be solemnized," wherein Gieseler covenanted to and with plaintiff to pay the latter "the sum of Ten ($10.00) Dollars and other valuable considerations, the receipt for which is hereby acknowledged, which * * * [plaintiff] accepts in lieu of the dower, or distributive share of the estate possessed by * * * [Gieseler] at the time of his death, if she should survive him," etc.; that the parties to such agreement were married on February 7, 1925; that Gieseler, in November, 1925, abandoned and deserted plaintiff without any just cause therefor and up until the time of his death, March 13, 1934, refused to return to her or to contribute anything whatsoever to her support; that Gieseler, during the time plaintiff was married to him, was comfortably well fixed and well able to provide for her; that, although often requested so to do, Gieseler never delivered to plaintiff the "other considerations," referred to in the antenuptial agreement; that it was agreed at the time of the execution of said agreement that plaintiff was to have all the stock of the Wheeling Electric Company then owned by Gieseler; that prior to, and at the time of the execution of said agreement, Gieseler failed fully to inform plaintiff with respect to the nature and extent of his estate; that, except for statements of her prospective husband, plaintiff had no knowledge regarding the same; that not until after the appraisal of decedent's estate (consisting, with one exception, of personalty), was plaintiff fully advised as to the true nature and extent thereof; that the said consideration (Wheeling Electric

Company stock), had same been delivered to her, would have been grossly inadequate in view of the actual facts; that Gieseler had concealed and kept secret from her the true nature and extent of his property; that Gieseler made no provision whatsover in his will to recompense plaintiff for the value of the shares of Wheeling Electric stock which he failed to deliver, or for moneys expended by her for her maintenance and support; that plaintiff promptly renounced the will after its probate. The original bill was filed at March Rules, 1935.

The chancellor's ruling, as indicated by an opinion, filed with and made a part of the record, was based primarily upon (1) the improbability of the establishment of the alleged claim of fraud; and (2) the estoppel of plaintiff, due to laches, to press her claim against Gieseler for maintenance and support money.

In antenuptial agreements a confidential relationship exists between the contracting parties and it is the duty of the prospective husband to fully disclose the amount of his property and to deal fairly with his prospective bride and to honestly carry out the provisions of the contract. *Williamson* v. *First National Bank of Williamson et al.*, 111 W. Va. 720, 164 S. E. 777; *Dehart* v. *Dehart*, 109 W. Va. 370, 372, 154 S. E. 870; *Hinkle* v. *Hinkle*, 34 W. Va. 142, 11 S. E. 993. The first knowledge plaintiff had of the fact that her husband had not fully informed her with reference to his property was after the filing of the appraisal. The allegations in the bill, in view of the foregoing, are sufficient to sustain the pleading on the issue of fraud. The matter of proof is another thing. We cannot speculate on what plaintiff may, or may not, be able to produce in support of her claim.

Is the claim for maintenance and support for the nine years during which August Gieseler abandoned and deserted plaintiff barred by laches? It is clear that a husband must support his wife, irrespective of her separate estate. It is an incident of the marriage relation, based on the marriage contract. As stated in *Vickers* v. *Vickers*, 89 W. Va. 236, 109 S. E. 234: "If a man deserts his wife, she may maintain an action against him to recover ac-

cording to his ability the amount she has expended from her separate estate for her necessary support." Laches in legal significance is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party, has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as an estoppel against the assertion of the right. 10 R. C. L. 396.

The husband, under the allegations of the bill, was at all times obligated to contribute to plaintiff's maintenance and support, and, therefore, indebted, at the time of death, to the latter for the accumulated amount of such maintenance and support, unless otherwise precluded. The mere fact that the wife delayed in pressing her claim in court, due to the peculiar nature of the marriage contract, should not militate against her rights, if the husband's ability to pay has not been changed. If the husband could not, during lifetime, have complained of the lapse of time, we do not see wherein the executrix of his estate can attack the claim as stale. Whether or not the plaintiff is guilty of laches is primarily a matter of proof. And a bill in equity is not ordinarily demurrable on such ground unless it clearly appears on the face of such pleading that the defendant has been prejudiced, put to a disadvantage, or caused to suffer loss or change of position by such delay. *Snyder* v. *Charleston & S. Bridge Co.*, 65 W. Va. 1, 63 S. E. 616, 131 Am. St. Rep. 947; *Ruckman* v. *Cox*, 63 W. Va. 74, 59 S. E. 760.

We are of opinion that the bill is sufficient, and that the circuit court's ruling should be reversed and the demurrer overruled.

*Ruling reversed; demurrer overruled.*