WRIGHT, Presiding Judge.
This is an appeal from the denial of a Rule 60(b), A.R.C.P., motion to set aside a final decree of divorce.
The original decree of divorce was entered on September 7, 1979, dissolving the marriage of Joseph Robert Saxon and Sandra D. Saxon pursuant to a complaint by the husband, an answer, waiver and acceptance of service by the wife and an agreement between the parties. All documents were filed on September 7, by the husband’s attorney.[1] The papers, according to the husband, were signed by the wife at his place of business and were witnessed by two of his employees who testified to that effect. The wife was not represented by counsel. She received a copy of the final decree in the mail a few days after the judgment was entered.
Subsequently, Mrs. Saxon retained counsel and moved under Rule 60(b), A.R.C.P., to set aside the final decree of divorce on November 20, 1979. Her motion was based on her averment that she never signed any papers for a divorce, but that her signature thereon was forged. She also stated that the court’s jurisdiction was invoked by fraud on the part of the husband and that she never received a copy of the divorce complaint. Following Mr. Saxon’s answer to the 60(b) motion on November 26, 1979, the parties apparently reached an agreement in the form of a “consent modification.” A joint motion by the parties to dismiss the 60(b) motion, and the consent modification were entered by the trial court on April 29, 1980. Both parties complied with and relied on the consent modification order until August 27, 1981, when the husband brought a petition to modify to gain custody of the children.[2] Mrs. Saxon then brought a second 60(b) motion on September 1, 1981, to set aside the final decree of divorce and the consent modification ordered by the court in April of 1980.
The grounds for the second 60(b) motion included those set out in the first motion and that the husband threatened the lives of Mrs. Saxon, her children, her parents and *1031 her attorney if she persisted in the 1979 60(b) motion. She averred that her former husband stated that he could buy any judge hearing the motion or any lawyer she obtained. She also set out that she.believed that Mr. Saxon was involved with organized crime and could carry out his threats. Thus, under coercion and duress, Mrs. Saxon said she instructed her attorney to dismiss the earlier 60(b) motion.
After numerous amendments and pleadings by the parties, the trial court heard testimony on the motion on October 29, 1981. The trial court denied the 60(b) motion on November 3, 1981, and ratified and confirmed the original decree and its modification. The wife’s petition for rehearing was denied. From the denial of the 60(b) motion, Mrs. Saxon appeals.
Rule 60(b) provides that such a motion must be brought within a reasonable time and if for fraud under 60(b)(3), within four months after entry of the judgment or order. The wife’s motion, if considered under 60(b)(3), was filed untimely. Assuming arguendo that the motion here could be construed as an independent action based on fraud upon the court and brought within three years,[3] we find no abuse of discretion by the trial court. That is our only consideration when reviewing the denial of a 60(b) motion. McSween v. McSween, 366 So.2d 293 (Ala.Civ.App.1979). Thus, we affirm.
The wife argues that the trial court should be reversed for not allowing her motion to produce documents of the husband’s assets. The trial court was correct since the records were not relevant to the 60(b) motion. Such records appear relevant only if a new trial were ordered. Her contention that the original decree should have been vacated because of her lack of representation by counsel is also not well taken. She was represented by counsel at the time of the dismissal of the first 60(b) motion and entry of the consent modification. She has accepted the benefits from - the judgment of modification and may be considered equitably estopped to claim at this point that the judgment is void. Levine v. Levine, 262 Ala. 491, 80 So.2d 235 (1955).
Mrs. Saxon also contends that the husband had the burden to prove there was no fraud since the parties were in a fiduciary relationship, and she cites an Indiana case. The burden under Rule 60(b) is on the moving party to prove the grounds alleged. See, Frazier v. Malone, 387 So.2d 145 (Ala.1980).
We find no prejudicial error in any of the trial court’s rulings further complained of and discern no benefit in discussing them. This cause is dué to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. These papers were apparently prepared by a disbarred attorney in the employ of the husband’s corporation, and delivered to the attorney who subsequently filed them.

. The husband remarried in December of 1980.

. We note that an independent action must also be brought within a reasonable time.