**558**

363 S.E.2d 243

**Harold E. DIVEL**

v.

**Janet L. DIVEL.**

No. 17485.

Supreme Court of Appeals of
West Virginia.

Nov. 17, 1987.

Gilbert Wilkes, III, Wilkes & Wilkes,
Martinsburg, for plaintiff.

Charles S. Trump, IV, Trump & Trump,
Berkeley Springs, for defendant.

PER CURIAM:

This is an appeal by the appellant, Janet
L. Divel, from an order of the Circuit Court
of Morgan County, entered July 21, 1986,
which denied her motion to set aside a
divorce decree. The appellant contends
that the circuit court erred in not finding
that the decree was procured by fraud on
the part of the appellee, Harold E. Divel.
We conclude that the record in this case
does not establish that the circuit court
abused its discretion in refusing to set
aside the decree, and we affirm the judg-
ment of the circuit court.

The parties were married in March of
1972 and resided in Berkeley Springs, Mor-
gan County. Three children were born of
the marriage. On April 11, 1986, Mr. Divel
instituted divorce proceedings in the Circuit
Court of Morgan County on grounds of
habitual drunkeness and irreconcilable dif-
ferences. Mr. Divel sought custody of the
parties' minor children, payment of child
support and equitable distribution of the
marital property.

A summons and a copy of the complaint
were served on Mrs. Divel at the parties'
marital residence on April 12, 1986, but she

filed no responsive pleadings. A hearing was conducted before the divorce commissioner on May 7, 1986, at which time Mr. Divel appeared and presented evidence in support of the allegations in his complaint. Mrs. Divel made no appearance at the hearing and presented no evidence in her behalf.

By order dated May 19, 1986, the circuit court granted Mr. Divel a divorce on grounds of habitual drunkeness and awarded him custody of the children. The court ordered Mrs. Divel to convey to Mr. Divel her interest in the jointly-owned marital residence and to pay him child support in the amount of $30.00 per week. On the same day, Mr. Divel and his attorney delivered a copy of the court's order to Mrs. Divel at the marital residence and advised her to leave the premises.

Shortly thereafter, Mrs. Divel filed a motion to set aside the final divorce decree pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure on the ground that the decree was procured by fraud and misrepresentation. Mrs. Divel asserted that when she was served with a copy of the complaint on April 12, 1986, her husband told her the papers were only a joke and that she need not answer the complaint or obtain an attorney. She further asserted that she discussed the matter with Mr. Divel's attorney, who failed to advise her to obtain legal counsel.

A hearing on the Rule 60(b) motion was conducted before the circuit court on June 23, 1986. Although there is no transcript of this hearing in the record before this Court, it appears that both parties were present with counsel and offered evidence in support of their respective arguments. By order dated July 21, 1986, the court found that Mrs. Divel had failed to meet her burden of showing fraud by clear and convincing proof and denied the motion. It is from this order that Mrs. Divel prosecutes this appeal.

■ Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party....

"A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C[iv].P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

■ Mrs. Divel contends that the lower court abused its discretion in ruling that she had the burden of proving fraud. She contends that because there is a fiduciary relationship between spouses, her mere allegation of fraud was sufficient to shift the burden to her husband to prove the absence of fraud in procuring the divorce.

The general rule with regard to proof of fraud was stated in syllabus point 2 of *Work v. Rogerson*, 152 W.Va. 169, 160 S.E.2d 159 (1968):

"The law does not presume fraud, and he who alleges it must clearly and distinctly prove it; but fraud may be legally inferred from facts and circumstances calculated to establish it, and in a case where a fiduciary relationship exists and an inference of fraud arises, the burden of proof is then on the alleged feasor to establish the honesty of the transaction." Point 1, Syllabus, *Atkinson v. Jones*, 110 W.Va. 463 [158 S.E. 650 (1931)].

We have recognized that "the relationship between husband and wife is one of confidence and trust." *Marshall v. Marshall*, 166 W.Va. 304, 307, 273 S.E.2d 360, 362 (1980). *See Gieseler v. Remke*, 117 W.Va. 430, 185 S.E. 847 (1936); *Williamson v. First National Bank*, 111 W.Va. 720, 164 S.E. 777 (1931).

However, the above-quoted cases apply the burden-shifting rule only where there has been a transfer or conveyance of property or some other agreement or transaction of a contractual nature between spouses. *See also Francois v. Francois*, 599

F.2d 1286 (3rd Cir.1979), *cert. denied,* 444 U.S. 1021, 100 S.Ct. 679, 62 L.Ed.2d 653 (1980); *Golder v. Golder,* 110 Idaho 57, 714 P.2d 26 (1986); *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E.2d 562 (1968); *Bohn v. Bohn,* 420 S.W.2d 165 (Tex.Civ.App.1967). In the absence of such a transaction, the burden of proving fraud as a ground for vacating a divorce decree under Rule 60(b) remains upon the moving party. *Saxon v. Saxon,* 416 So.2d 1029 (Ala.Civ.App.1982). *See also Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970); 24 Am.Jur.2d *Divorce and Separation* § 497 (1983). Accordingly, we conclude that the lower court here was correct in concluding that Mrs. Divel had the burden of proof.

As to whether Mrs. Divel met her burden of proof, we note again that no transcript of the hearing on the Rule 60(b) motion appears in the record before this Court.

> " 'An Appellate Court will not reverse the judgment of an inferior court unless error affirmatively appear upon the face of the record, and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment.' Point 2, syllabus, *Shrewsbury v. Miller,* 10 W.Va. 115 [ (1877) ]."

Syllabus point 4, *Alexander v. Jennings,* 150 W.Va. 629, 149 S.E.2d 213 (1966). Mrs. Divel failed to produce a record disclosing any affirmative error on the part of the lower court. Accordingly, we must affirm the circuit court's decision on the merits of her claims.* *See M.W. Kellogg Co. v. Concrete Accessories Corp.,* 157 W.Va. 763, 204 S.E.2d 61 (1974); *Pozzie v. Prather,* 151 W.Va. 880, 157 S.E.2d 625 (1967); *Rollins v. Daraban,* 145 W.Va. 178, 113 S.E.2d 369 (1960).

For the reasons stated herein, we find no abuse of discretion which would warrant reversal of the lower court's decision to deny the Rule 60(b) motion. Accordingly,

---

\* The circuit court's final order does indicate that the evidence concerning fraud was sharply conflicting. In such circumstances, we must defer to the judgment of the circuit court on the question of whether fraud was proved. *See Ball v. Ball,* 154 W.Va. 739, 179 S.E.2d 221 (1971); *Sanders v. Roselawn Memorial Gardens, Inc.,* 152 W.Va. 91, 159 S.E.2d 784 (1968).

---

the judgment of the Circuit Court of Morgan County is affirmed.

Affirmed.