# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MATTHEW K.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-117**          (Fam. Ct. Putnam Cnty. No. FC-40-2016-D-224)

**LEIGH ANN S.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Matthew K.[1] appeals the "Amended Order Regarding Respondent's Petition for Contempt and Petitioner's Counter Petition for Contempt" entered by the Family Court of Putnam County on February 23, 2023. Matthew K. asserts that the family court failed to properly resolve a dispute he had with the mother of his child in the context of shared decision-making and incorrectly held that Matthew K. failed to meet his burden of proof that it was in the child's best interest to receive the COVID-19 vaccine. Respondent Leigh Ann S. filed a response in support of the family court's order.[2] Matthew K. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Matthew K. and Leigh Ann S. share one child, C.K., age seven. The parties were divorced by an order entered on February 25, 2019. Regarding custody, the family court ordered the parties to follow a 50-50 parenting plan with shared decision-making for all major decisions.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Matthew K. is represented by John J. Balenovich, Esq. Leigh Ann S. is self-represented. The guardian ad litem ("GAL"), Maggie Kuhl, Esq., filed a response brief.

1

On September 8, 2021, Matthew K. filed a petition for contempt against Leigh Ann S., to which she denied all allegations and filed a counter-petition for contempt as well as a petition for modification of parenting time due to the child being of school age. Various issues were raised between the parties over the course of approximately two years as their litigation was ongoing. However, the issue surrounding this appeal involves whether the child should receive the COVID-19 vaccine. Matthew K. was in favor of the vaccine and Leigh Ann S. was not.

A final hearing was held on January 17, 2023. At that hearing, the parties announced that they had resolved all issues except their COVID-19 vaccine disagreement. Matthew K. argued that the child should have the COVID-19 vaccine, that it was safe, and in the child's best interest. Leigh Ann S., on the other hand, argued that she did not believe there was enough research on the subject for young children and did not want the child to receive the vaccine. Matthew K. offered no medical or scientific evidence or expert testimony. The GAL presented opinion testimony based upon her own limited research showing that a majority of parents of young children chose not to have their children vaccinated and recommended that the family court not force Leigh Ann S. to have the child vaccinated against her wishes. Both parties testified that the child was healthy and had no known high-risk factors. The family court entered its order on February 23, 2023, wherein it held that Matthew K. failed to meet his burden of proof that the vaccine was in the best interest of the child, and thus, the child would not be required to get the vaccine. It is from that order that Matthew K. now appeals.

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

On appeal, Matthew K. raises two assignments of error, which we will address in turn. As his first assignment of error, Matthew K. asserts that the family court erred and prejudiced him when it ignored West Virginia Code § 48-9-207(b) (2022)[3] while resolving

---

[3] West Virginia Code 48-9-207(b) states:

If each of the child's parents has been exercising a reasonable share of the parenting functions for the child, there shall be a rebuttable presumption that

2

a dispute between two parents with shared decision-making authority. We disagree. West Virginia Code § 48-9-207(b) applies when the parties or the court are considering the allocation of decision-making authority. Here, the parties were not seeking to modify the allocation of decision-making authority; rather, they were seeking a resolution of their disagreement on a single issue. Therefore, the family court was correct by not analyzing this matter under West Virginia Code § 48-9-207(b).

As his second assignment of error, Matthew K. asserts that the family court erred and prejudiced him when it incorrectly held that he should bear the burden of proof to show that the COVID-19 vaccine was in the child's best interest. We disagree. The family court did not have the benefit of expert testimony or credible research upon which to base a decision regarding whether the child should receive the COVID-19 vaccine. The family court did not abuse its discretion by placing the burden of proof on Matthew K., the moving party, to prove that the COVID-19 vaccine was in the child's best interest. *See generally Michael K.T. v. Tina L.T.*, 182 W. Va. 399, 405, 387 S.E.2d 866, 872 (1989) (holding that the best interests of the child is the polar star by which decisions must be made which affect children); *Carpenter v. Carpenter*, 227 W. Va. 214, 219, 707 S.E.2d 41, 46 (2011) (holding that the burden of proof for contempt or damages other than support is on the complaining party); *Divel v. Divel*, 178 W. Va. 558, 559, 363 S.E.2d 243, 244 (1987) (holding that the burden of proof in fraud cases is on the one claiming the fraud); Syl. Pt. 4, *Mayhew v. Mayhew*, 205 W. Va. 490, 519 S.E.2d 188 (1999) (holding that the party seeking an increase in value of non-marital property has the burden of persuasion on that issue). Further, regardless of which party bore the burden of proof in this case, the outcome would have been the same because the family court had no evidence to consider beyond the GAL's limited opinion testimony.

Accordingly, we affirm the Family Court of Putnam County's February 23, 2023, order.

Affirmed.

**ISSUED:** November 1, 2023

---

an allocation of decision-making responsibility to both parents jointly is in the child's best interests. The presumption may be rebutted by a showing that joint allocation of decision-making responsibility is not in the child's best interest upon proof by a preponderance of the evidence of relevant factors under § 48-9-209 of this code. The court's determination shall be in writing and include specific findings of fact supporting any determination that joint allocation of decision-making responsibility is not in the child's best interest.

3

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen