364 S.E.2d 804

**Donald RICH**

v.

**Vallie Mae RICH, Individually, etc.**

**No. 17702.**

Supreme Court of Appeals of West Virginia.

Dec. 9, 1987.

George R. Triplett, Elkins, for appellee.

Joseph P. Henry, W.V. Legal Services Plan, Inc., Charleston, for appellant.

NEELY, Justice:

Vallie Mae Rich had two children, Stanley and Travis, by her first husband. She had a third child, Donna, by virtue of an extramarital liason with Donald Rich before she was married. Vallie Mae divorced her first husband and married Donald in

1980. Then, in order to unite and strengthen the family Vallie Mae and Donald initiated two adoption petitions.

In 1983 Donald petitioned to adopt Travis and Stanley who were the children of his wife's first marriage. This petition prayed that the boys' names be changed to Travis Bryon Rich and Donald Kenneth Rich, Jr. respectively. The petition was granted. Then a second petition to adopt was filed five months later to allow the Riches formally to adopt their natural child, Donna. This adoption was also granted.

Unfortunately, about a year later Donald Rich filed a divorce complaint against Vallie Mae Rich. This divorce was granted on 2 January 1985 and custody of the children was given to Mrs. Rich. The court also ordered Mr. Rich to pay child support for the three children. On 13 May 1985, the same day child support was ordered to be paid by Mr. Rich, Mr. Rich filed a petition to set aside the adoption of Donald and Travis. On 3 September 1985 the court held a hearing on Mr. Rich's petition to revoke the adoption and granted the petition. Mrs. Rich now appeals here on the grounds that the circuit court was without authority to set aside the adoption. We agree and reverse.

■ We have carefully reviewed the record presented to us in this case as well as the briefs of the parties. We find that although Mr. Rich couched his petition for revocation of the adoption in terms of fraud, no fraud was proven. Counsel for Mr. Rich makes great moment of the fact that adequate notice was not given to the children's natural father at the time the petition for adoption was filed. That may, indeed, be the case, but if it was fraud, it is not fraud that Mr. Rich, who was a party to it, can now raise. *Ex turpe suo non actio oritur.* We have held that a "party guilty of fraud in a transaction on which he relies for recovery can have no relief in equity against another person, even though that person may be equally guilty." *Dye v. Dye*, 128 W.Va. 754, 772, 39 S.E.2d 98, 107 (1946).

■ At best, Mr. Rich's proof in support of his petition to revoke the adoption amounted to a demonstration that Mrs. Rich treated him very badly during the marriage and it is unfair now to require

him to support two children sired by another father. Although we may sympathize with Mr. Rich's sense of outrage, the conclusion that he convinced the circuit court to reach was in error.

■ Although *W.Va.Code*, 48–4–12 [1984] allows a mother, a legal or determined birth father, or a guardian of the child, who did not consent to the adoption of such child, or any person entitled to notices provided in other sections of the *Code* to challenge an adoption if he or she was not served with notice, the *Code* is utterly devoid of any authority for setting aside an adoption at the behest of an adopting parent. Although Rule 60(b), *West Virginia R.C.P.* grants the court broad discretion to set aside judgments on the basis of fraud, the Rule 60(b) motion must be made within eight months of the entry of the initial order. In the case before us, not only was there an absence of proof of actionable fraud such as to warrant the setting aside of the adoption order, but the motion to set the order aside was made almost a year after the eight-month, Rule 60(b) time period had expired.

Accordingly, for the reasons set forth above, the judgment of the Circuit Court of Randolph County is reversed.

Reversed.