378 S.E.2d 847

**COOLFONT MOUNTAINSIDE ASSOCIATION**

v.

**Samuel F. ASHELMAN, Jr., et al. and Richard L. Lehman, et al.**

**No. 18016.**

Supreme Court of Appeals of West Virginia.

March 13, 1989.

Richard G. Gay, Berkeley, Springs, for Richard L. Lehman, et al.

David H. Savasten, Berkeley Springs, for Coolfront Mountainside.

William B. Carey, Berkeley Springs, for Samuel F. Ashelman, Jr.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Morgan County denying appellant's motion to set aside an agreed settlement order between Coolfont Mountainside Association and Coolfont Development Corporation and its President, Samuel F. Ashelman, Jr. We find that the trial court did not abuse its discretion; therefore, we affirm its decision.

## I.

Coolfont is a resort located in Morgan County, West Virginia. It is owned and operated by three corporations: (1) Coolfont Re + Creation, Inc. owns an area open to the public, including a lake and restaurant; (2) Coolfont Development Corporation (CDC) owns lots in a subdivision and sells the lots to individual property owners; and (3) Coolfont Mountainside Association (CMA) is an incorporated homeowners association comprised of individuals who own land at Coolfont. Samuel F. Ashelman, Jr. is the founder of the resort and the principal stockholder of Coolfont Re + Creation, Inc. and CDC.

In June of 1983, CMA brought a trespass action against CDC in the Circuit Court of Morgan County. CMA alleged that CDC had constructed a sewage processing lagoon on ten acres of common property without CMA's permission. CDC and Ashelman filed a counterclaim alleging breach of contract and several violations of restrictive covenants between the parties.

Several months later, the parties began negotiations. In June, 1986, CMA's Board of Directors sent its membership a proposed memorandum agreement between CMA and CDC. Before CMA membership voted on the proposal, it was rejected by CDC and Samuel Ashelman, Jr. In August, 1986, Ashelman made a counter-proposal to the CMA Board of Directors. The counter-proposal was sent to the CMA membership on August 23, 1986.

During CMA's annual meeting on September 27, 1986, the counter-proposal was approved by over two-thirds of the membership. The appellants, also members of CMA, objected to the proposal because they felt it had a negative impact on the Association. They argued that the Association's Declarations of Covenants and Restrictions require ninety days' notice before the membership can vote on any proposed action; thus, the vote on CDC's counter-proposal was void. Finally, the appellants advised the CMA Board of Directors of their intent to move to intervene in the lawsuit between CMA and CDC.

In an effort to resolve the conflict, the two parties agreed to discuss the matter further. On Tuesday, September 30, 1986, counsel for the two parties met; however, no agreement was reached. Consequently, CMA and CDC filed a joint motion to dismiss the case because the two parties had reached a settlement agreement. An order dismissing the case was entered on October 3, 1986.

The same day the dismissal order was entered, the appellants moved to intervene in the suit. On December 17, 1986, this motion was denied because the action had previously been dismissed. During the December 17 hearing, the trial court instructed the appellants that they must first file a motion to vacate the previous dismissal order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[1] If this

---

1. Rule 60(b) of the West Virginia Rules of Civil Procedure provides in pertinent part:

Rule 60. Relief from Judgement Order.

(b) Mistakes, inadvertence, excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a

motion were granted, then the appellants were advised that a motion to intervene would be in order.

On May 29, 1987, a full seven months and twenty-six days after the dismissal order was entered, the appellants filed a motion to vacate the dismissal order pursuant to Rule 60(b)(1), (3), (4), and (6). On September 10, 1987, the Circuit Court denied appellants' Rule 60(b) motion because it was not filed within a reasonable time after the dismissal order was entered, and because appellants were not parties to the original litigation; thus, they lacked standing.

On appeal the appellants argue that in their Rule 60(b) motion they requested relief pursuant to subsections (b)(1), (3), (4), and (6) and a motion made pursuant to Rule 60(b)(1), (3), or (6) is timely if filed within the eight-month maximum time provided for by the rule. Hence, appellants assert that the trial court erred by denying their motion which was filed within the maximum eight months. We disagree.

"Although Rule 60(b), *West Virginia R.C.P.* grants the court broad discretion to set aside judgments ... [for grounds 1, 2, 3, and 6] the Rule 60(b) motion must be made within eight months of the entry of the initial order." *Rich v. Rich,* 178 W.Va. 791, 364 S.E.2d 804 at 805 (1987); *cf. N.C. v. W.R.C.,* 173 W.Va. 434, 317 S.E.2d 793 (1984); *Coury v. Tsapis,* 172 W.Va. 103, 304 S.E.2d 7 (1983). Indeed, the United States Supreme Court, in analyzing Rule 60(b) of the Federal Rules of Civil Procedure, has held that the time limit prescribed by the rule is, by the rule's very term, a maximum which further is limited by the requirement that the motion be made within a reasonable time.[2] *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 1099 (1949), motion denied, *Klapprott v. United States,* 336 U.S. 949, 69 S.Ct. 877, 93 L.Ed. 1105 (1949); *see generally* Wright & Miller, *Federal Practice and Procedure* § 2866 (1973).

Because appellant's Rule 60(b) motion was made within the eight-month maximum time period, we must consider whether the trial court abused its discretion in denying the motion because it was not made within a reasonable time.[3] In syllabus point 5 of *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974), we noted:

A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C[iv].P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

*See Fortuna v. Queen,* 178 W.Va. 586, 363 S.E.2d 472 (1987); *Divel v. Divel,* 178 W.Va. 558, 363 S.E.2d 243 (1987); *State ex rel. Miller v. Sencindiver,* 170 W.Va. 288, 294 S.E.2d 90 (1982); *Gaines v. Drainer,* 169 W.Va. 547, 549, 289 S.E.2d 184, 185, 186; *Gabritsch v. Gabritsch,* 164 W.Va. 146, 260 S.E.2d 841 (1979); *Intercity Realty Company v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970). Although appellants as-

party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable . neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken.

**2.** Rule 60(b) of the Federal Rules of Civil Procedure is substantially equivalent to Rule 60(b) of the West Virginia Rules of Civil Procedure. It provides that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered.

**3.** Rule 60(b)(4) is not subject to the eight-month time limitation; however, a motion made pursuant to Rule 60(b)(4) must nonetheless be made within a reasonable time.

sert that the dismissal order should be vacated based on grounds (1), (3), (4), and (6) of Rule 60 of the West Virginia Rules of Civil Procedure, they have failed to articulate any facts to support their motion. Moreover, we have reviewed the record and have found no error which would substantiate granting a motion to vacate the prior dismissal order between CMA and CDC.

In light of the foregoing, we find that the trial court did not abuse its discretion. Accordingly, we affirm the order below.

Affirmed.

McGRAW, J., participated and concurred in this decision but departed from the Court prior to the preparation of the opinion.

WORKMAN, J., did not participate in the consideration or decision of this case.