382 S.E.2d 510

**Sam Nick SAVAS**

v.

**Phyllis SAVAS.**

No. 18490.

Supreme Court of Appeals of West Virginia.

April 21, 1989.

Rehearing Denied July 20, 1989.

W. Bernard Smith, Logan, for Sam Nick Savas.

MILLER, Justice:

This case concerns the time period within which a motion under Rule 60(b) of the West Virginia Rules of Civil Procedure must be filed. On June 2, 1987, Mrs. Savas filed a Rule 60(b) motion to set aside a final divorce decree entered on May 7, 1986, in the Circuit Court of Logan County. The trial court denied the motion, and we affirm.

The Rule 60(b) motion asserts that there was a fraud perpetrated on the court and on Mrs. Savas. This assertion is based on the fact that she had relied on the advice of her husband's attorney, who had prepared all of the legal papers including a property settlement agreement. She contends that she did not understand what her rights were and, in particular, that she had waived her claim to alimony in the property settlement agreement. She also maintained in her motion that the property settlement agreement was substantially unfair and that the divorce commissioner should have inquired into the assets of the parties. Mrs. Savas points out that she attended none of the hearings. As a consequence, she claims the divorce decree is void.

Rule 60(b) provides a basis for relieving a party from a final judgment upon the following grounds: (1) mistake, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied or vacated; or (6) any other reason justifying relief. The motion for relief must be made "within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after" the judgment order was entered.[1]

Chester Lovett, James T. Cooper, Mary Katharine Cooper, Lovett, Vaughan & Cooper, Charleston, for Phyllis Savas.

1. The relevant language of Rule 60(b) of the West Virginia Rules of Civil Procedure is:

"*Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect, or unavoidable causes; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

Analyzing Mrs. Savas's motion, it would appear that her grounds are in category (3) under Rule 60(b), i.e., "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," or as a fraud on the court itself, which we discuss in Part II, *infra.*

### I.

In *Rich v. Rich,* 178 W.Va. 791, 792, 364 S.E.2d 804, 805 (1987), we stated: "Although Rule 60(b), West Virginia R.C.P., grants the court broad discretion to set aside judgments on the basis of fraud, the Rule 60(b) motion must be made within eight months of the initial order." *See also Coolfont Mountainside Ass'n v. Ashelman,* 180 W.Va. 638, 378 S.E.2d 847 (1989).

This statement is not quite accurate, as it ignores the language of the Rule that "[t]he motion shall be made *within a reasonable time, and* for reasons (1), (2), (3), and (6) not more than eight months," a proposition that we recognized in *Coolfont:* "The time limit prescribed by the rule is . . . a maximum which further is limited by the requirement that the motion be made within a reasonable time." 180 W.Va. at 640, 378 S.E.2d at 849 (Footnote omitted). Thus, while eight months is the outer limit, a court may still deny a motion filed within the eight-month period if it was not made within a reasonable time. In 11 C. Wright & A. Miller, *Federal Practice & Procedure*

§ 2866 at 232 (1973), this statement is made with regard to Federal Rule 60(b), which carries a one-year period rather than our eight-month period:

"Motions under clauses (1), (2), or (3), attacking a judgment on grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud or misconduct of a party, are treated differently. These motions must be made within a reasonable time but they also must be made not later than 'one year after the judgment, order, or proceeding was entered or taken.' The one year period represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time' even though the one year period has not expired." (Footnote omitted).

*See also Central Operating Co. v. Utility Workers of America,* 491 F.2d 245 (4th Cir.1974); *Security Mutual Casualty Co. v. Century Casualty Co.,* 621 F.2d 1062 (10th Cir.1980); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648 (2d Cir.1979); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601 (7th Cir.1986); *Waldeck v. Domenic Lombardi Realty, Inc.,* 425 A.2d 81 (R.I.1981).

Thus, it is clear that when a court undertakes to analyze a Rule 60(b) motion based on grounds (1), (2), (3), or (6) of the Rule, it must determine first if the motion has been filed within eight months after the judgment was entered and then determine, under all the circumstances, if it was filed

judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud

upon the court. Writs of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Our Rule 60(b) differs from the Federal Rule 60(b) in that the latter provides "[t]he motion shall be made within a reasonable time, and *for reasons (1), (2), and (3) not more than one year* after the judgment, order, or proceeding was entered or taken." (Emphasis added). According to M. Lugar and L. Silverstein, *West Virginia Rules of Civil Procedure* 462 (1960): "The time period of eight months corresponds with the general limitation upon petitions for appeal to the Supreme Court of Appeals, that is, eight months from the time the judgment, decree or order was entered." (Footnote omitted).

within a reasonable time.[2] Obviously, where the eight-month period has not been met, there is no need to make the reasonable time inquiry, as it is barred by the outer limit term. *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *United States v. Marin,* 720 F.2d 229 (1st Cir.1983); *Serzysko v. Chase Manhattan Bank,* 461 F.2d 699 (2d Cir. 1972), *cert. denied,* 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972); *Stradley v. Cortez,* 518 F.2d 488 (3d Cir.1975).

From the plain language of Rule 60(b), motions based on grounds numbered (4) and (5) are required only to be filed within a reasonable time and are not constrained by the eight-month period. *Limerick v. Greenwald,* 749 F.2d 97 (1st Cir.1984); *Johnson Waste Materials v. Marshall,* 611 F.2d 593 (5th Cir.1980); *United States v. Holtzman,* 762 F.2d 720 (9th Cir.1985); C. Wright & A. Miller, *supra,* § 2866.

### II.

It is possible to characterize Mrs. Savas's motion as relying on that portion of Rule 60(b) which enables a court "to set aside a judgment for fraud upon the court." It is generally recognized that where this ground is asserted there is no time limit. *Serzysko v. Chase Manhattan Bank, supra; Wilkin v. Sunbeam Corp.,* 405 F.2d 165 (10th Cir.1968); *Dausuel v. Dausuel,* 195 F.2d 774 (D.C.App.1952); *Mallonee v. Grow,* 502 P.2d 432 (Alaska 1972); *Gifford v. Bowling,* 86 S.D. 615, 200 N.W.2d 379 (1972).

However, a claim of fraud upon the court is reserved for only the most egregious conduct on the part of attorneys, court officials, or judges which causes the judicial process to be subverted. It ordinarily does not relate to misrepresentation or fraudulent conduct between the parties

themselves. *E.g., Serzysko v. Chase Manhattan Bank, supra; Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072 (2d Cir.1972); *Great Coastal Express v. International Bhd. of Teamsters,* 675 F.2d 1349 (4th Cir.1982); *Mallonee v. Grow, supra; see also* C. Wright & A. Miller, *supra,* § 2870; 7 J. Moore, *Moore's Federal Practice,* ¶ 60.33 at 360 (2d ed. 1987). The Fourth Circuit in *Great Coastal Express,* 675 F.2d at 1356, adopted this definition from 7 J. Moore, *supra:*

> " 'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct."

The next sentence from that passage states: "Fraud inter partes, without more, should not be fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the independent action." 7 J. Moore, *supra* ¶ 60.33 at 360–62.

In this case, the trial court commendably followed the procedure set out in the Syllabus of *Meadows v. Daniels,* 169 W.Va. 237, 286 S.E.2d 423 (1982): "Where a Rule 60(b) motion is made to set aside a judgment and there is a conflict as to the facts on whether there is a ground to set aside the judgment, the trial court should hold a hearing to resolve the disputed facts and make some findings relative thereto."

From this record, we find no fraud upon the court. At best, Mrs. Savas's claim is that she signed the property settlement agreement without fully under-

---

**2.** The term "reasonable time" is not susceptible of a precise definition. This statement is made at 11 C. Wright & A. Miller, *supra,* § 2866 at 228–29:

> " 'What constitutes reasonable time must of necessity depend upon the facts in each individual case.' The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and they

consider whether the moving party had some good reason for his failure to take appropriate action sooner." (Footnotes omitted).
*See Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981) ("taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to other parties").

standing its contents,[3] and that she agreed to the divorce and relied upon her husband's attorney. She did not appear at any of the divorce hearings, but did know that the divorce was granted within a few weeks after it occurred. She could offer no viable reason as to why she delayed filing the motion until approximately thirteen months after the final decree. We find that several other courts, when faced with a similar situation, have refused relief. *McPherson v. King,* 437 So.2d 548 (Ala.Civ.App.1983). *See also Stone v. Stone,* 647 P.2d 582 (Alaska 1982).

Under these circumstances, we find that the trial court acted correctly in denying Mrs. Savas Rule 60(b) relief, and we, therefore, affirm its judgment.

Affirmed.

---

**3.** Mrs. Savas had been married for thirty-three years, had taught school, and had worked in one of her husband's businesses.