404 S.E.2d 769

**John R. CORATHERS, Plaintiff Below, Appellant,**

v.

**Charles L. FACEMIRE and J.H. Facemire, Defendants Below, Appellees.**

**No. 19665.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 16, 1991.

Decided April 25, 1991.

Alice L. Vance, Weston, for plaintiff below, appellant.

David R. Rexroad, Buckhannon, for defendants below, appellees.

PER CURIAM:

The appellant, John R. Corathers, appeals from the January 29, 1990, final order of the Circuit Court of Lewis County. That order affirmed the court's order of September 12, 1989, and denied the appellant's motion for relief from the operation of a 1961 judgment, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

On July 17, 1959, Corathers and the appellee, Charles L. Facemire, were involved in an automobile accident. At that time, both were residents of West Virginia. Shortly thereafter, Corathers filed suit against Facemire, who, at that time, was a minor and not yet in military service. The court continued the suit because of Facemire's age. Facemire enlisted in the United States Military on November 23, 1959, and had left West Virginia by December 7, 1961, when Corathers won a $25,000 verdict against Facemire. However, an attorney was appointed to represent Facemire at trial pursuant to the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App. § 520 (West 1990). Facemire remained a full time member of the United States Army until his retirement on March 31, 1980. During his enlistment, Facemire did not reside in West Virginia.[1]

While Facemire was serving in the Army, the judgment against him was recorded in West Virginia, although no execution or attempt to enforce the lien of judgment was made. Facemire retired from the Army in March, 1980. In 1989, Corathers located Facemire, who was residing in Alabama, and attempted to have the judgment domesticated in Alabama. Counsel for Facemire states that the matter was dropped in Alabama without disposition. Facemire responded in March, 1989, by filing a motion under Rule 60(b) of the West Virginia Rules of Civil Procedure in the Circuit Court of Lewis County and asked to have the 1961 judgment declared null and void. At a hearing held on that issue, Corathers responded that the Soldiers' and Sailors' Civil Relief Act, suspends the running of any statute of limitations in West Virginia on judgment executions during the time that the appellee was in the Army, and thus, the judgment was valid and enforceable.

On September 12, 1989, the Circuit Court of Lewis County ruled on Facemire's motion, stating that the December 7, 1961, judgment was valid, but unenforceable because Corathers failed to execute the judgment properly, and thus, he was barred from enforcing it. Under W.Va.Code §§ 38-3-18 and -19 (1990), a party has ten years within which to enforce a judgment. On December 8, 1989, Corathers filed a motion under Rule 60(b)(6) of the West Virginia Rules of Civil Procedure, contending that the court's order of September 12, 1989, had not taken into account the Soldiers' and Sailors' Civil Relief Act. The court denied Corathers' Rule 60 motion and affirmed its order of September 12, 1989, by final order of January 29, 1990. This proceeding is Corathers' appeal from that final order.

Rule 60(b) of the West Virginia Rules of Civil Procedure provides a method by which a party can be relieved from a final judgment:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or other-

1. At a hearing held on June 29, 1989, Facemire was present in court for the first time, although he did not testify. He filed an affidavit stating that he was in the Army from November 23, 1959, until he retired on March 31, 1980. In March, 1961, he was in Fort Bliss, Texas, while in November, 1961, he served in Japan.

wise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken.... [2]

In order to benefit from this rule, the party must file a motion for relief within the time constraints found in Rule 60(b).

In syllabus point 2 of *Savas v. Savas*, 181 W.Va. 316, 382 S.E.2d 510 (1989), this Court addressed the time limitations set forth in Rule 60(b)(1)–(3) & (6):

> When a court undertakes to analyze a Rule 60(b) motion based on grounds (1), (2), (3), or (6) of the Rule, it must determine first if the motion has been filed within eight months after the judgment was entered and then determine, under all the circumstances, if it was filed within a reasonable time.

We also noted the distinction in time limitations with motions involving Rule 60(b)(4)–(5):

> Under Rule 60(b) of the West Virginia Rules of Civil Procedure, motions based on grounds numbered (4) and (5) are required only to be filed within a reasonable time and are not constrained by the eight-month period.

*Id.* at syl. pt. 3.[3]

■ In this case, Facemire made a motion in March, 1989, for relief from the December 7, 1961, judgment under Rule 60(b), but did not specify upon which subsection of Rule 60(b) he was relying. Regardless, the motion was filed outside either of the time limitations provided in Rule 60(b). Twenty-eight years passed between the 1961 judgment and Facemire's 1989 motion, decades more than eight months and any reasonable period of time. Thus, Facemire's Rule 60(b) motion should

have been denied by the circuit court, the September 12, 1989, and January 29, 1990, rulings were erroneous, and Corathers' December 8, 1989, Rule 60(b) motion was unnecessary.

Accordingly, we reverse the January 29, 1990, final order of the Circuit Court of Lewis County and deny the appellee's March, 1989, Rule 60(b) motion for relief from the December 7, 1961, judgment.

Reversed.

---

**2.** The time limitation for filing runs from the date the judgment order was rendered. *Coury v. Tsapis*, 172 W.Va. 103, 304 S.E.2d 7, 12 (1983).

**3.** *See also Jenkins v. Johnson*, 181 W.Va. 281, 382 S.E.2d 334 (1989). However, there is no

time limitations for filing a motion to set aside a judgment for fraud. *Savas*, 382 S.E.2d at syl. pt. 4. No allegations of fraud have been presented in this case, and thus, the parties must comply with the time limitations set by statute.