OPINION
This appeal arises out of a trial court judgment overruling Appellant, Frank A. Bonacci's motion to terminate his child support obligation based upon the vacating of an adoption petition in West Virginia. For the following reasons, this Court affirms the trial court judgment.
On July 7, 1987, Appellee, Staci Bonacci (nka Charlton), a minor, gave birth to Tiffany Brianne. Tiffany's natural father voluntarily relinquished his parental rights regarding Tiffany on December 20, 1988 in a court order issued from West Virginia where all of the parties resided at the time. Appellee's father, Tiffany's grandfather, adopted Tiffany on that same date.
On June 8, 1993, in anticipation of their impending marriage, Appellant and Appellee filed a petition to adopt Tiffany in the Circuit Court of Ohio County, West Virginia. Appellee's father executed a consent to adopt form agreeing to the adoption of Tiffany by Appellant and Appellee. On June 25, 1993, the Circuit Court of Ohio County, West Virginia entered an order granting the adoption petition and also allowed the execution of a visitation rights agreement whereby Tiffany's grandfather would enjoy visitation with the child.
Appellant and Appellee married on October 9, 1993. They moved to St. Clairsville, Ohio and established a residence there with Tiffany. On January 11, 1995, Appellee filed a complaint for divorce in the Belmont County Court of Common Pleas. In the complaint, Appellee indicated that there was one child of the marriage by virtue of adoption, namely, Tiffany Brianne. Appellant answered the complaint admitting that Tiffany was a child of the marriage by adoption.
On August 7, 1995, the court filed a judgment entry granting the divorce and approving and incorporating a separation agreement entered into by the parties. The court found that there was one child of the marriage by virtue of adoption and granted custody of Tiffany Brianne to Appellee and visitation to Appellant as agreed to by the parties in the separation agreement. The separation agreement in relevant part provided that within thirty days of June 8, 1995, the effective date of the separation agreement, the parties would submit a child support worksheet in accord with the Ohio Child Support Guidelines and that until the calculation was complete, Appellant would continue to pay the temporary child support amount previously ordered. The child support provision also explicitly stated that:
 "Said child support payment shall continue until such time as the minor child reaches the age of eighteen years, marries, or dies, whichever event first occurs. In the event the child is still in high school at the time of reaching age eighteen years, the child support payment hereunder shall continue until graduation from high school or until high school education is discontinued."
The agreement also stated that Appellant would maintain health insurance for Tiffany so long as he had it available to him through his employer at nominal cost or no cost. The agreement further provided that it was a full and complete settlement of the rights of the parties and that the agreement could not be modified other than by future agreement of the parties in writing.
A child support worksheet was attached to the judgment entry showing Appellant's child support obligation at $375.25. On June 3, 1996, Appellant filed a motion for modification of child support contending that Appellee was now working and his income had decreased such that his child support should be reevaluated and a new order issued. On August 12, 1996, the trial court modified Appellant's child support obligation as per agreement of the parties to $323.57 per month.
Appellant subsequently terminated his visitations with Tiffany. On April 3, 1997, Appellant filed a petition to set aside his adoption of Tiffany in the Circuit Court of Ohio County, West Virginia. Appellant asserted that procedural defects flawed the original petition for adoption granted by the court on June 25, 1993 and rendered it invalid. Appellant cited the defects as a conflict of interest because only one attorney represented the interests of Appellant, Appellee and the grandfather in the adoption proceedings. Appellant also submitted that the adoption violated W. Va. Code section 48-4-6 in that Tiffany had only been residing with him for three months before the adoption rather than the required six months. Appellant further asserted that Tiffany's grandfather retained parental rights through a visitation agreement which prejudiced the adoption order.
On June 19, 1997, the Circuit Court of Ohio County, West Virginia granted Appellant's petition to set aside the adoption. The court vacated the adoption, dissolved the parent and child relationship, purported to terminate all rights, duties and obligations between Tiffany and Appellant, including the duty of support and restored Tiffany's grandfather as the legal parent of Tiffany as if the adoption proceedings had never occurred.
On July 16, 1997, Appellant filed a motion to terminate his child support obligation in the Belmont County Court of Common Pleas. Appellant asserted that because the West Virginia court vacated the adoption petition and this severed the parent and child relationship and terminated all of his rights, duties and obligations, he should be relieved of his obligation to pay child support and other obligations to Tiffany under the June 8, 1995 divorce decree. Appellee filed a motion opposing termination of the obligation arguing that the separation agreement incorporated into the divorce decree precluded Appellant from terminating his support obligation. Appellee asserted that Appellant never contested the validity of the adoption order prior to signing the adoption petition or separation agreement and contended that she had a right to rely upon the complete settlement language contained within the separation agreement and the language asserting that the agreement could not be modified or changed unless both parties agreed in writing. Appellee also contended that the motion to terminate child support was contrary to public policy and that the termination of support in the West Virginia vacation order was not binding upon an Ohio court as the Ohio court was the originating state of the child support order.
The court held a hearing on the motion on August 25, 1997 with both parties represented by counsel. On November 5, 1997, the trial court overruled Appellant's motion to terminate child support. The court noted that Appellant's petition to vacate the adoption was filed over two years after the divorce decree issued. The court cited R.C. § 3107.18(A) and used the reasoning in Gilbraith v. Hixson (1987), 32 Ohio St.3d 127 to find that the separation agreement voluntarily entered into by the parties and incorporated into the divorce decree confirming the parent and child relationship between Tiffany and Appellant by virtue of adoption was an adjudication on the merits and was subject to the doctrine of res judicata. The court found that the issues before it did not involve parentage but involved the issues of child support, insurance and visitation and that thus, for the purposes of the motion for termination and on the basis of public policy, Appellant continued to be obligated under the decree.
On November 14, 1997, Appellant filed a notice of appeal. Since the two assignments of error that Appellant asserts contain a common basis in law and fact, we shall address them together. Appellant contends:
 "I. THE LOWER COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT IN HOLDING THAT THE WEST VIRGINIA ORDER WHICH VACATED THE APPELLANT'S ADOPTION OF TIFFANY IS NOT ENTITLED TO FULL FAITH AND CREDIT BECAUSE IT VIOLATES OHIO'S PUBLIC POLICY."
 "II. THE LOWER COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT IN HOLDING THAT THE SEPARATION AGREEMENT ENTERED INTO BY THE APPELLANT AND THE APPELLEE SERVED AS A BAR TO RELITIGATING THE ISSUE OF APPELLEE'S RELATIONSHIP WITH TIFFANY AND THAT THIS BAR REQUIRED THE DENIAL OF APPELLANT'S MOTION."
Appellant submits that the trial court acted arbitrarily, unreasonably and unconscionably in applying res judicata to overrule his motion to terminate child support and in not affording full faith and credit to the West Virginia order vacating the adoption and disestablishing the parent and child relationship between he and Tiffany. Appellant asserts that he is no longer obligated to pay child support in Ohio because the West Virginia order found that he is no longer the legal parent of Tiffany and has no obligation to support her.
Issues of child support are subject to an abuse of discretion standard of review on appeal. Jefferson County Child SupportEnforcement Agency v. Babel (Sept. 8, 1998), Jefferson App. No. 97-JE-13, citing generally Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion connotes more than an error in law; it implies that the court's attitude in rendering the decision was arbitrary, unreasonable or unconscionable. Id. Therefore, in order to reverse the trial court's overruling on Appellant's motion for termination of child support, we must find that the trial court abused its discretion. In the instant case, we cannot find an abuse of discretion.
Appellant is correct that full faith and credit must be given to the West Virginia vacation of the adoption petition on the issue of parentage. Section 1, Article IV of the United States Constitution provides that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. * * *" In Wyatt v. Wyatt, the Ohio Supreme Court held that Ohio courts must recognize judgments of sister states pursuant to the Full Faith and Credit Clause and give these judgments the same recognition as they would have in the state from which they emanated. (1992), 65 Ohio St.3d 268,269; See Section 1738, Title 28, U.S. Code. Although West Virginia courts themselves have questioned whether W. Va. Code 48-4-12 (b) allows an adoptive parent to obtain a vacation of an adoption, see Rich v. Rich (1987), 178 W. Va. 791, 364 S.E.2d 804, Ohio courts must nevertheless afford full faith and credit and cannot re-examine the merits of the decision unless West Virginia lacked jurisdiction to render the judgment. See Wyatt, supra, at 271.
It appears from the opinion and decision overruling Appellant's motion to terminate child support that the trial court afforded full faith and credit to that part of the West Virginia vacation order regarding the issue of parentage and for which West Virginia possessed jurisdiction. The Belmont County court recognized that the issue of parentage was not before it when it stated that:
 "Moreover, the court notes that the issue of parentage is not the real issue being relitigated; rather it is an issue of child support and arrearage and visitation which is the subject of this litigation."
(11/5/97 Opinion and Decision, p. 5)
However, the West Virginia vacation order addressed more than the issue of parentage. It also ordered that Appellant be relieved from all duties and obligations concerning Tiffany, including his obligation of child support. This part of the order conflicted with the Ohio divorce decree that preceded it. Ohio had jurisdiction over the support issue. The divorce decree incorporated the parties' separation agreement whereby Appellant confirmed his adoptive parental status and agreed that he would pay child support and provide health insurance until Tiffany was emancipated. The circumstances under which emancipation occurred were specified in the separation agreement. The agreement also contained a complete settlement provision whereby the parties agreed that the document was in full settlement of each of their rights and that any modification to these provisions must be in writing and by agreement of the parties.
The Belmont County trial court did not abuse its discretion in applying Gilbraith, supra to find that res judicata barred relitigation of the issues regarding Appellant's "parental" obligations of child support and health insurance even though West Virginia had vacated its order of adoption. In Gilbraith,supra, Michael Gilbraith acknowledged paternity of a child in a separation agreement that was incorporated into a dissolution decree. The appellee had also filed a legitimation order acknowledging paternity in the probate court. Based upon these acknowledgements, the court ordered Gilbraith to pay child support in the dissolution decree. When the mother filed a contempt motion for Gilbraith's arrearage on unpaid child support, Gilbraith sought to eliminate the agreed child support obligation by contending that he was not the natural father of the child. Gilbraith also began paternity proceedings pursuant to R.C. 3111 in juvenile court and in the general division of the court of common pleas. The lower courts ruled against Gilbraith and the common pleas court dismissed his action and applied res judicata based upon the dissolution decree. Gilbraith, supra at 128. The court of appeals reversed part of the decision, holding that Gilbraith was not barred from questioning paternity in a proceeding in the common pleas court under R.C. 3111. Id.
The Ohio Supreme Court reviewed the history and purpose of res judicata and found that "* * * a dissolution decree or a legitimation order cannot, in law, be denied res judicata effect simply because it results from an agreement between parties in a nonadversarial proceeding." Id. at 129. The Court emphasized the public policy concerns of finality and reliability of judgments and held that res judicata applied to the maintenance of certain aspects of the parent and child relationship as well. Id. at 131. The Court also held that:
 "* * * a judgment entered by consent, although predicated upon an agreement between the parties, is an adjudication as effective as if the merits had been litigated and remains, therefore, just as enforceable as any other validly entered judgment."
Id., quoting Sponseller v. Sponseller (1924), 110 Ohio St. 395,399.
In the instant case, the West Virginia court vacated its own order of adoption for which they possessed jurisdiction and to which order the Belmont County trial court was bound to afford full faith and credit. However, West Virginia's court also purported to relieve Appellant of all obligations to Tiffany, including the duty of support. West Virginia lacked jurisdiction to make such an order. Even if we could argue that West Virginia had such jurisdiction, the Belmont County court was not required to afford this part of the order full faith and credit as the parties had previously agreed in their separation agreement to the support of Tiffany until her emancipation which was defined by the agreement. The Parties also agreed that Appellant would provide health insurance. This consent agreement was incorporated into the divorce decree. The divorce decree issued before the vacating of the adoption and was therefore subject to res judicata as to the support issues as per Gilbraith, supra. Thus, for purposes of child support and health insurance, Appellant was obligated by agreement as the "parent" of Tiffany in Ohio, although legally determined in West Virginia not to be the parent for any other purpose.
We acknowledge the decision in Barnett v. Barnett which stated that:
 "* * * orders for child support, payable in installments and subject to modification under the laws of the rendering state, made in a divorce or dissolution in that state, are not entitled to full faith and credit in the courts of a sister state because they are not considered to be sufficiently final. [citations omitted]."
(1993), 85 Ohio App.3d 1, 5.
However, the instant case is distinguishable in that the issue is not modification of child support or whether it can be modified, but rather the issue is whether Appellant had a continuing obligation to support the child until her emancipation. The divorce decree provided the circumstances under which child support terminated through emancipation. Again, the divorce decree contained a complete settlement provision setting forth that the separation agreement was the full settlement of all rights between the parties and that this agreement could not be modified or changed except by future agreement of the parties expressed in writing. The agreement was sufficiently final so as to warrant full faith and credit as to this provision. Thus, while the West Virginia order vacating the adoption is entitled to full faith and credit on the issue of parentage, the order relating to child support was not.
We also find compelling the policy reasons of finality and voluntary choice for upholding the trial court's decision to apply res judicata to the instant case. In Strack v. Pelton,
the Ohio Supreme Court found that, "[f]inality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child." (1994), 70 Ohio St.3d 172,175. While in Ohio, the concept of finality is especially important with regard to adoption, even if West Virginia vacated its order of adoption, Ohio had the authority to apply res judicata to the finality of the support obligations contained within a divorce decree. Further, in Knapp v. Knapp, the Ohio Supreme Court found that a husband who chose to enter into a separation agreement to pay alimony could not be relieved from this provision in the final dissolution decree after he voluntarily and deliberately chose to agree to the terms of the separation agreement and he controlled whether to enter into these terms. (1986), 24 Ohio St.3d 141, 146.
Similarly, Appellant in the instant case possessed control and deliberation in the obligations that he voluntarily undertook. We cannot find that the trial court abused its discretion in overruling Appellant's motion to terminate his support obligations when Appellant knowingly, voluntarily and deliberately acknowledged his "parental" obligation on three separate occasions, once upon adoption, once upon voluntary agreement of the separation agreement and lastly when he filed a motion to modify his child support obligation as recently as 1996. Thus, while Appellant may no longer legally be the adoptive parent of Tiffany as per West Virginia order, the trial court did not abuse its discretion in finding him still legally obligated for child support and health insurance in Ohio.
For the foregoing reasons, we find that the assignments of error advanced by Appellant are without merit. Accordingly, the trial court judgment is affirmed.
Cox, P.J., concurs.
Vukovich, J., concurs.
APPROVED:
 ______________________________ CHERYL L. WAITE, JUDGE