# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Mark Ash,**
**Plaintiff Below, Petitioner**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1533** (Marshall County 09-C-249)

**Allstate Insurance Company, Larry D. Poynter,**
**and Ed Steen, Defendants Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Mark Ash, by counsel Christopher J. Regan, appeals the Circuit Court of Marshall County's "Order Granting Defendants' Motion for Summary Judgment and Defendants' Motion for Partial Dismissal." Respondents Allstate Insurance Company, Larry D. Poynter, and Ed Steen, by counsel Walter M. Jones, III and Michael M. Stevens, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The following facts are undisputed: Petitioner was involved in an automobile accident with Shirley Salmon on March 28, 1992, in Kanawha County, West Virginia. Petitioner was injured in the accident. Respondent Allstate ("Allstate") insured both petitioner and Ms. Salmon's vehicles. Petitioner's policy insured three vehicles with underinsured motorist coverage ("UIM") limits on each of the vehicles in the amount of $50,000 per person and $100,000 per accident. Allstate paid $50,000 under the Salmon's liability coverage, and likewise paid an additional $50,000, representing the single vehicle limit, under petitioner's UIM coverage.

On March 23, 1994, petitioner and his wife filed suit in the Circuit Court of Kanawha County against Shirley Salmon, William Salmon, and Allstate. The suit was removed to United States District Court for the Southern District of West Virginia. Count II alleged that Allstate "assured" petitioner and his wife that they would be entitled to "stacked" UIM coverage of up to $150,000, and that petitioner and his wife "relied" upon this "representation" and therefore accepted $50,000 from Salmon's insurance policy in settlement of their liability claim. Accordingly, petitioner and his wife sought a declaratory judgment that they were entitled to "stack" their UIM coverage, resulting in a total available UIM coverage of $150,000. Count III

1

alleged that Allstate violated the *Uniform Trade Practices Act ("UTPA")* based on the foregoing allegations, the alleged misrepresentation of Allstate's agent, and Allstate's failure to extend "stacked" UIM coverage. Allstate filed a counterclaim seeking a declaration that the UIM limits were $50,000, followed by a Motion for Partial Summary Judgment on the same issue in July of 1994.

By memorandum order entered on January 27, 1995, the District Court (J. Copenhaver, Jr.) granted Allstate's motion for partial summary judgment and declared

> that the limit of the [UIM] coverage available to [petitioner] in connection with the injuries sustained by him in an automobile accident on March 28, 1992, is $50,000, which sum has already been paid, leaving Allstate Insurance Company with no further obligation to make payment of [UIM] coverage for the referenced loss.

The District Court further ordered that Counts I[1] and II of the 1994 suit be dismissed, with prejudice. As to the bad faith claim, the parties subsequently agreed to dismiss Count III through a consent decree. As a result, the District Court dismissed Count III with prejudice. The District Court also entered a Judgment Order declaring that the limits of the UIM coverage were $50,000 that had already been paid. The District Court ordered that the case be stricken from the docket. Petitioner did not appeal the District Court's dismissal of the case, and until the present case, took no steps to revive it.

Fourteen years later, on December 2, 2009, petitioner filed the present suit in the Circuit Court of Marshall County, seeking damages allegedly incurred as a result of Allstate's failure to pay "stacked" UIM coverage in the amount of $150,000 rather than the single vehicle limit of $50,000, stemming from the 1992 accident. Petitioner also named as defendants two former Allstate employees, Respondents Larry Poynter and Ed Steen.

The allegations in the instant suit are essentially identical to the allegations in the 1994 suit. However, petitioner further alleges that his Allstate policy did not contain language prohibiting "stacking" of UIM coverage. Petitioner claims that Allstate fraudulently concealed from him the existence of "stacked" UIM coverage and that he relied on Allstate's representation that the UIM limit available to him as a result of the subject accident was $50,000. Petitioner alleges that as a result of this "fraudulent concealment," he accepted a total of $50,000 as "full and final settlement" of his UIM claim, instead of seeking an additional $100,000, because he was "not aware of the additional coverage Allstate had concealed from him." Finally, petitioner claims that respondents' conduct violated the *UTPA* and related insurance regulations, which resulted in unjust enrichment to Allstate, and constituted deceit, fraud, and bad faith.

Respondents removed the case to federal court in January of 2010, but the District Court granted petitioner's motion for remand to circuit court. In October of 2010, respondents moved

---

[1]Count I sought compensatory damages injuries to Mark Ash, as well as loss of consortium alleged by his spouse, Misti Ash.

2

for partial dismissal with respect to the claims of unjust enrichment, conspiracy,[2] and the allegations of bad faith against Respondents Poynter and Steen. In June of 2012, respondents moved for summary judgment as to all allegations in the present complaint on the grounds that they were barred by res judicata and the statute of limitations. By order entered on November 15, 2012, the circuit court granted respondents' motions and dismissed the case. Petitioner now appeals to this Court.

A circuit court's entry of summary judgment is reviewed *de novo. Syl. Pt. 1, Painter v. Peavy,* 192, W.Va. 189, 451 S.E.2d 755 (1994). The non-moving party may only defeat a motion for summary judgment by offering some concrete evidence from which a reasonable fact finder could return a verdict in its favor. *See Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995).

Petitioner raises four assignments of error on appeal. First, he contends that the circuit court erred by applying res judicata based on the District Court's order, and argues that the order was obtained by fraud. As support, petitioner refers to internal Allstate memos that he claims were concealed from the District Court and establish Allstate's legal obligation to stack UIM coverage. Petitioner alternatively argues that even if the 1995 order was not obtained by fraud, the prior suit and the present suit are different, and therefore, the present suit should not be barred by res judicata.

We first note, as respondents point out, that the Allstate memos identified by petitioner appear to have been presented to the District Court as part of petitioner's response to Allstate's motion for summary judgment filed in July of 1994. Therefore, petitioner fails to support his conclusion that respondents committed a fraud upon the District Court. Moreover, we have held that

> [a] claim of fraud upon the court is reserved for only the most egregious conduct on the part of attorneys, court officials, or judges which causes the judicial process to be subverted. It ordinarily does not relate to misrepresentation or fraudulent conduct between the parties themselves.

Syl. Pt. 5, *Savas v. Savas,* 181 W.Va. 316, 382 S.E.2d 510 (1989). Additionally, we have held that "fraud is never presumed but must be proved." *Haudenschilt v. Haudenschilt,* 129 W.Va. 92, 111, 39 S.E.2d 328, 338 (1946). From the record submitted on appeal to this Court in the present case, we cannot conclude that petitioner proved that Allstate committed a fraud upon the District Court. We further find that the circuit court, in granting summary judgment, specifically referenced this purportedly concealed evidence in its order presently under appeal. Accordingly, we find that the court did not err in relying on the 1995 order in its res judicata determination.

---

[2]As the circuit court correctly found, petitioner's complaint is devoid of specific allegations of conspiracy as to any of the respondents. Petitioner raised this allegation in his Motion for Remand wherein he claimed that conspiracy could be fairly inferred from the allegations in the complaint. The circuit court went on to dismiss the claim, which is the subject of petitioner's fourth assignment of error.

3

We turn now to the second half of petitioner's first assignment of error – his argument that res judicata is not applicable because his prior suit is different than his present suit. In Syllabus Point 3 of *Beahm v. 7-Eleven, Inc.,* 223 W.Va. 269, 672 S.E.2d 598 (2008), we set forth the elements of res judicata:

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action. Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W.Va. 469, 498 S.E.2d 41 (1997).

Petitioners concede that the first and second elements are met. As to the third element, we have held that,

> [t]he test to determine if the issue or cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues. If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by *res judicata.*

Syl. Pt. 4, in part*, Slider v. State Farm Mutual Auto Ins. Co.,* 210 W.Va. 476, 557 S.E.2d 883 (2001).

The facts relied upon by petitioner in both his 1994 suit and the present suit are essentially the same. Both complaints arise out of petitioner's automobile accident in 1992 with an underinsured motorist. Both complaints allege an entitlement to "stacked" UIM coverage. Both complaints allege misrepresentation and bad faith. The only difference is the addition of an unjust enrichment allegation in the present suit and a change in the theory of recovery for misrepresentation. In the 1994 suit, petitioner alleged Allstate affirmatively misrepresented that it would stack UIM coverage, but in the present suit, petitioner alleges the fraudulent concealment of the availability of stacked coverage. We find this difference to be of no consequence because petitioner's allegations in both cases amount to a contention that Allstate had "internal knowledge" of a purported obligation to stack UIM coverage that it failed to disclose. Stated another way, both cases involve alternative theories to prove the same fundamental cause of action – that petitioner is entitled to stacked UIM coverage. This allegation was, in all material aspects, resolved by the District Court in its 1995 order that found petitioner had no right to stacked coverage. The present suit is nothing more than a collateral attack on that ruling, which is barred by res judicata. "*Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or the issues that could have been decided in the earlier action." *State v. Miller,* 194 W.Va. 3, 9, 459 S.E.2d 114, 120 (1995).

4

Petitioner's second assignment of error is that the circuit court erred by finding that his *UTPA* claims, common law bad faith claims, and fraud claims were barred by the applicable statute of limitations.[3] Petitioner contends that the statute of limitations was tolled by Allstate's fraudulent concealment of its purported obligation to stack UIM coverage. The dispositive question is when petitioner knew or should have known that he was supposedly entitled to stacked UIM coverage, and not when he knew of all of the presumed internal Allstate issues that purportedly required stacking. As the circuit court properly found, under petitioner's theory in the 1994 suit alleging that he was entitled to stacked coverage, "he knew or should have known that he had been injured and who supposedly caused that alleged injury when his claim was fully and finally settled for 'non-stacked' UIM coverage in the amount of $50,000." Accordingly, the circuit court did not err in ruling that the applicable statute of limitations was not tolled, and thus precluded petitioner's claims.

Third, petitioner argues that the circuit court erred by ruling that the existence of an insurance policy barred his unjust enrichment claim. Petitioner's unjust enrichment claim can only be based on Allstate's failure to pay stacked UIM benefits, and that obligation could only arise pursuant to the terms of petitioner's insurance contract. *See Bright v. QSP, Inc.,* 20 F.3d 1300, 1306 (4th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (applying West Virginia law, and stating that, because an "action for unjust enrichment is quasi-contractual in nature[, it] may not be brought in the face of an express contract.") From the face of petitioner's complaint, it is clear that his unjust enrichment claim arises from an express contract – his insurance policy with Allstate. Therefore, we see no error in the circuit court's conclusion that petitioner's unjust enrichment claim must be dismissed as derivative of the stacking claim that was fully adjudicated by the District Court and independently dismissed as a matter of law.

Last, petitioner argues that the circuit court mischaracterized his civil conspiracy allegations as a stand-alone cause of action in order to dismiss his common law bad faith claims against the individual respondents, Poynter and Steen. It is well settled that a civil conspiracy requires concerted action by two or more persons or entities. *See Dixon v. American Industrial Leasing Co.,* 162 W.Va. 832, 834, 253 S.E.2d 150, 152 (1979). Further, the proponent of a civil conspiracy claim must produce at least circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective and mutual agreement. *See Wenmoth v. Duncan,* 2009 WL 2707579 (N.D. W.Va. Aug. 26, 2009). Petitioner's complaint alleges none of these things. Therefore, the circuit court did not err in its dismissal of petitioner's conspiracy claim.

For the foregoing reasons, we affirm.

Affirmed.

---

[3]Petitioner's *UTPA* and bad faith claims are governed by a one-year statute of limitations. Petitioner's fraud claims are governed by a two-year statute of limitations. *See Wilt v. State Auto. Mutual Ins. Co.,* 203 W.Va. 165, 506 S.E.2d 608 (1998).

5

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin J. Davis