# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Winston Threadgill,**
**Plaintiff Below, Petitioner**

**FILED**

**June 2, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0419** (Jefferson County CK-19-2011-C-255)

**Donald Painter, Jr.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Winston Threadgill, pro se, appeals the March 29, 2016, order of the Circuit Court of Jefferson County denying his motion for relief from judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Respondent Donald Painter, Jr., by counsel J. Michael Cassell, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties own adjacent parcels of land. Petitioner claimed that he had a right of way to cross respondent's parcel to access his property, which claim respondent denied. Petitioner filed a civil action to establish that his alleged right of way existed. Respondent filed an answer and a counterclaim to have petitioner pay his attorney's fees. Subsequently, respondent filed a motion to dismiss petitioner's action and attached exhibits to his motion. In an order entered on October 11, 2012, the circuit court treated respondent's motion as a motion for summary judgment. Following a review of the exhibits attached to respondent's motion as well as "the [e]xhibits filed by [petitioner] in response to [respondent]'s [r]equest for [p]roduction of [d]ocuments," the circuit court found that petitioner had no right of way across respondent's property and awarded respondent summary judgment on petitioner's claim. Petitioner did not appeal the circuit court's October 11, 2012, order.

The circuit court held a hearing on respondent's counterclaim on December 3, 2012. Respondent testified that, prior to initiating the action, petitioner attempted to bully him into giving petitioner a right of way over his property "by threatening costly litigation." The circuit court found that petitioner's conduct caused an increase in the costs of litigation. Accordingly, the circuit court found that petitioner engaged in wanton, vexatious, and oppressive conduct, and

1

awarded respondent his attorney's fees in the amount of $5,585 in an order entered on December 5, 2012. Petitioner did not appeal the circuit court's December 5, 2012, order.

Nearly three years later, on September 24, 2015, petitioner filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure requesting relief from both the October 11, 2012, order awarding summary judgment and the December 5, 2012, order granting respondent's claim for attorney's fees. As the basis for his motion, petitioner alleged that both the circuit court's award of summary judgment and its award of attorney's fees resulted from a fraud committed upon the court by respondent's attorney. The circuit court held a hearing on petitioner's motion on December 18, 2015. For that hearing, petitioner subpoenaed the attorney for respondent's predecessors-in-title. Though the attorney was petitioner's witness, his testimony refuted petitioner's claim. The attorney testified that the right of way appearing throughout respondent's chain of title belonged to respondent so that he could access his own property. The attorney's testimony confirmed that there was no right of way belonging to petitioner over respondent's property. Accordingly, the circuit court found that there was no fraud upon the court and denied petitioner's Rule 60(b) motion. The circuit court also made the alternate ruling that petitioner's motion was time-barred.

Petitioner now appeals the circuit court's March 29, 2016, order denying his motion for relief from judgment. "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). We will not reverse the denial of a Rule 60(b) motion in the absence of an abuse of discretion. *See id.* at 778, 204 S.E.2d at 86, syl. pt. 5. On the other hand, "[t]hat portion of Rule 60(b) [that] enables a court to set aside a judgment for fraud upon the court has no filing time limit." Syl. Pt. 4, *Savas v. Savas*, 181 W.Va. 316, 382 S.E.2d 510 (1989).

As an initial matter, the parties dispute whether petitioner's allegations, if true, amounted to a fraud upon the court. However, we agree with petitioner that he makes allegations sufficient to support a claim of a fraud upon the court because he alleges that the circuit court's rulings relied on fraudulent misrepresentations by respondent's attorney. *See Withrow v. Williams*, 216 W.Va. 385, 391, 607 S.E.2d 491, 497 (2004) (rejecting claim of a fraud upon the court on ground that no rulings were made in reliance on attorney's misrepresentations).

On the substance of petitioner's claim, we agree with respondent that it is utterly without merit. Though petitioner contends that the testimony presented at the December 18, 2015, hearing shows that he has a right of way over respondent's property, petitioner's contention is contradicted by the portion of the hearing transcript that he includes in his appendix. The record clearly reflects that there is no right of way belonging to petitioner over respondent's property. Accordingly, we conclude that the circuit court properly found that there was no fraud upon the court and did not abuse its discretion in denying petitioner's Rule 60(b) motion for relief from judgment.

For the foregoing reasons, we affirm the circuit court's March 29, 2016, order denying petitioner's motion for relief from judgment.

Affirmed.

**ISSUED:** June 2, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3